4 COMPETENCY of witness.

---

Len M. Allen v. Adams County, Appellant.

Counties:  RECORDER:  RECOVERY FOR ASSISTANCE.  Under Code, section 496, a county recorder cannot recover from the county for the services of an assistant. when the bill therefor is not filed at the next regular meeting of the board of supervisors after the rendition of the services..

1

Allowance of Compensation.  In an action by a county recorder to recover for assistance, it is immaterial how much , if anything, the recorder paid the assistant, provided the bill is for services necessarily employed and the amount claimed is the reasonable value of the service.

2

*Appeal from Adams District Court.*—Hon. R. L. Parrish, Judge.

Friday, April 10, 1903.

ACTION by plaintiff, as recorder of defendant county, to recover compensation for temporary assistance rendered necessary in the discharge of the duties of his office by the pressure of business during the years 1898, 1899 and 1900. Trial to the court. Judgment for plaintiff for the amount claimed, $536.25, from which defendant appeals.—*Modified* and *affirmed*.

*M. E. Wilmarth*, County Attorney, *D. H. Meyerhoff*, and *Burg Brown* for appellant.

*W. O. Mitchell* and *F. C. Okey* for appellee.

McCLAIN, J.—It is provided in Code, section 496, referring to the compensation of the county recorder, that, "in case no deputy shall be appointed, but on account of the pressure of business in his office the recorder is compelled temporarily to employ an assistant he shall file a bill for such services" at the next regular meeting of the board of supervisors, and the board "shall make reasonable allowance therefor." The necessity for the services for which plaintiff makes claim, the fact that such services were rendered, and the reasonable value thereof, were all determined by the trial court in rendering judgment for plaintiff, and the conclusions of the court in these respects are supported by the evidence. It appears, however, that the claim for assistance in 1898 was presented in one bill rendered at the end of the year, not quarterly at each meeting of the board of supervisors, and it is contended that the court erred in including in the allowance to plaintiff any amount claimed for that year, except so far as the assistance for which claim was made was procured during the last quarter of that year. This objection, however, was not made by the board, but the whole bill was disallowed, and the board refused payment of any amount for that year, the objection that bills had not seasonably been presented being raised for the first time on the trial of the case.

The section of the Code above cited provides that the recorder, in such case as here referred to, shall file the bill for such services with the board of supervisors "at their next regular meeting." It is urged that as to the provision relating to the filing of the bill at the next session the statute is directory only, but the language does not seem to fairly warrant that interpretation. It was no doubt the intention of the legislature that in the public interests, such a bill should be promptly and seasonably presented, so that the board might investigate it with opportunity to determine the necessity of the services, and whether actually rendered. We hold, therefore, that plaintiff cannot recover for all the services necessary in his office during the year 1898, but only for those specified in his bill as within the last quarter of the year. It appears from the evidence that during this quarter services were rendered for twenty-five days, and, computing the compensation at the amount per day allowed by the trial court, only $37.50, instead of $132.75, should have been allowed for the year 1898. This necessitates the deduction of $95.25 from the amount allowed to plaintiff by the trial court.

Plaintiff's claim is for services in his office rendered by his wife, and it is contended for appellant that there is no evidence that payment for such services has ever been made by the plaintiff. Receipts given by the wife to the husband for the amounts claimed for services rendered during the years 1899 and 1900 were introduced in evidence, but it is said that there was no proof that plaintiff ever actually paid his wife anything on account of these services, nor that she has assigned to him her right to compensation. In answer to these contentions it is sufficient to say that the statute does not provide for the payment of a claim made by the person who rendered the services, but, on the other hand, directs that a bill for

*Margin notes: 1. RECORDER: recovery for assistance. 2. ALLOWANCE of compensation.*

such services be filed by the recorder; nor does it provide that payment be made to the recorder for money expended, but, on the other hand, requires the bill to be for the services of an assistant necessarily employed, for which the board is directed to make a reasonable allowance. We think the plaintiff made out his case when he showed that bills had been presented in his own name for services of an assistant necessarily employed, and that it is immaterial what amount he had paid, or whether he had paid anything. The board could, in any event, allow only the reasonable value of the services necessarily procured.

The modification already suggested requires that the cause be remanded to the trial court, with the direction that judgment be entered for $441, instead of for $536.25. Two-thirds of the costs are taxed to appellant, and the balance to appellee. — MODIFIED and AFFIRMED.